IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| V. | : | 1:19CR54-1 |
| | : | |
| STEVE BRANTLEY SPENCE | : | |

**MOTION TO CONTINUE**

The Defendant, by and through undersigned counsel, hereby moves to continue the trial of this matter until a date certain in October 2020  In support thereof, counsel states as follows:

The trial of this action is scheduled to begin on August 10, 2020.  Prior to the COVID-19 pandemic, the parties were working diligently in an effort to prepare for trial on the scheduled date. The Government was in the process of issuing subpoenas when the COVID-19 pandemic halted normal court and law enforcement operations.

During the current COVID-19 pandemic, public health authorities and this Court, in its Amended Standing Order 13, recommend avoiding close personal contact with other persons who are or might be infected with COVID-19 because of the health risks associated with such contact, and the risk of asymptomatic persons introducing COVID-19 into local detention centers.  These same concerns would be applicable to witnesses traveling and appearing in court, as well as jurors appearing in court and deliberating

with each other. It will be impossible to adhere to the social distancing orders or practices recommended.

Defense counsel is required to meet with the Defendant to review discovery, medical records, develop and investigate factual information, and to otherwise prepare for trial. The Defendant is presently being housed in the Alamance County Jail. Counsel is prohibited by his office from meeting in person with the Defendant at the jail. While Jurislink is now available in the Alamance County Jail, telephone and video conferencing will not be adequate substitutes for meeting in person and reviewing the discovery and other records and otherwise preparing for the trial of this case. Counsel has been informed that the government has approximately 55 potential witnesses, several from out of state.

Since North Carolina has entered Stage II of its re-opening plan, the number of COVID-19 cases have increased, especially in some of the larger counties constituting the Middle District of North Carolina. A jury trial at the local peak of a deadly pandemic would deprive the defendant of trial before a fair cross-section of the community. Statistics from the CDC have shown that COVID-19 has had a higher impact on the minority community, especially the African-American and Hispanic communities. An article in the New York Times published on July 5, 2020, https://www.nytimes.com/interactive/2020/07/05/us/coronavirus-latinos-african-americans-cdc-data.html, discusses the racial inequality of the Coronavirus. The

Times was able to analyze data revealing the racial disparity in infection rates across 974 counties representing more than half the United States population.  It includes a map of the United States with statistics from a number of counties comprising the Middle District of North Carolina.  The analysis clearly shows that African-Americans and Hispanics are infected at a significantly higher rate than whites.

The Defendant is entitled to a trial by a jury able to concentrate on the evidence and law presented during the trial and not be distracted by concerns over their health.  Due to the pandemic, many jurors will have childcare issues they would not ordinarily have had but for the pandemic, which could further affect their ability to concentrate on the evidence and law.

The jury pools in the Middle District of North Carolina have historically contained a smaller number of African-Americans and Hispanics. The pandemic is likely to further decrease the number in the jury pool.  In addition, the Middle District of North Carolina in 2016/17 changed the method of selecting members of the jury venire by only using voter registration records to compile the list of persons eligible to serve on juries.  Ironically, this change occurred during a time when voter suppression was a hot issue in North Carolina and the subject of a number of lawsuits. By using only voter registration lists to determine the jury venire, a large segment of the population, specifically African-

3

Americans and Hispanics, who has historically registered to vote in smaller numbers, will likely be excluded as potential jurors and seriously impair the Defendant's right to a jury comprised of a cross-section of the community.

The Sixth Amendment and 28 U.S.C. §1861 *et seq*. (the Jury Selection Act) guarantee the parties trial before a fair cross-section of the community. In order to show a violation of the statute:

> a defendant must prove a "substantial failure" to comply with its provisions. A substantial failure is one that destroys the "random nature or objectivity of the selection process." United States v. Hemmingson, 157 F.3d 347, 358 (5th Cir. 1998)(internal citations omitted, quoting 28 U.S.C. § 1867(a), and United States v. Kennedy, 548 F.2d 608, 612 (5th Cir.1977).

To show a Sixth Amendment violation, the defendant must show that 1) "the group alleged to be excluded [from the jury system] is a 'distinctive' group in the community," (2) "the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community," and (3) "this underrepresentation is due to systematic exclusion of the group in the jury selection process."

The COVID-19 pandemic presents the court and the parties with an extraordinary situation which complicates the normal flow of a criminal case in this district. The State of North Carolina has suspended jury trials until at least August 2020. As a result of

4

the increasing number of COVID-19 cases, that suspension is likely to be extended.

Undersigned counsel submits, for the reasons stated above, that the ends of justice and the public health concerns are best served by granting this continuance, and that they outweigh the interests of the public and the Defendant in a speedy trial. Accordingly, the Defendant agrees that any delay occasioned by the granting of this continuance be excluded in computing the time within which the trial of this matter must commence.  <u>See</u> Title 18, United States Code, Section 3161(h)(7)(A).

Counsel has informed Assistant United States Assistant United States Attorney Clifton Barrett of the filing of this motion and been advised that the Government takes no position as to this motion.

WHEREFORE, the Defendant hereby moves for an order continuing the trial of this matter to a date certain in October 2020 or at such time thereafter as it is determined the trial of this case can go forward in a manner which protects the rights and health of all parties participating in the trial of this action.

Respectfully submitted this the 14th day of July, 2020.

/s/ Gregory Davis
Gregory Davis
Assistant Federal Public Defender
North Carolina State Bar #7083
251 N. Main Street, Suite 849
Winston-Salem, NC 27101
(336) 631-5278
Email: greg_davis@fd.org

CERTIFICATE OF SERVICE

    I hereby certify that on July 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Mr. Clifton Barrett

        Ms. Veronica Edmisten

        Assistant United States Attorney


        LOUIS C. ALLEN III

        Federal Public Defender


        /s/ Gregory Davis
        Gregory Davis
        Assistant Federal Public Defender
        North Carolina State Bar #7083
        251 N. Main Street, Suite 849
        Winston-Salem, NC 27101
        (336) 631-5278
        Email: greg_davis@fd.org