IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | 1:19CR54-1 |
| | : | |
| STEVE BRANTLEY SPENCE | : | |

**MOTION TO DISMISS COUNT ONE**

The Defendant, STEVE BRANTLEY SPENCE, by and through legal counsel, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, moves the Court for an order dismissing Count One of the superseding indictment, and in support of such motion shows unto the Court the following:

**FACTS**

A review of the discovery provided by the government, shows that the victim and the Defendant lived together in Virginia Beach, Virginia. The victim had spent the night prior to the alleged carjacking away from home due to the strange behavior of the Defendant. The next morning she and her children returned home thinking the Defendant would be gone. To her surprise, he was at the house. He asked her where she had stayed and whether she was going to leave him. He tried to get her to stay out of work, but she insisted she was going to work and took a shower in preparation to go to work. When she was getting dressed for work, the Defendant came behind her and strangled her until she lost

consciousness. When she regained consciousness approximately 30 minutes later, the Defendant was gone along with her keys, telephone, purse, and vehicle. She checked on her children, and they left the apartment and sought help.

The discovery does not provide additional evidence concerning the location of the Defendant until he appears in North Carolina.

### ARGUMENT

Count One of the Superseding indictment alleges that "on or about December 3, 2018 **in the County of Guilford** . . . , with intent to cause death and serious bodily harm, did take a motor vehicle, . . . which had been transported, shipped, and received in interstate and foreign commerce, from the person and presence of another, by force and violence and by intimidation; in violation of Title 18, United States Code, Section 2119(1).

From a review of the discovery provided by the government, it appears that all acts that could arguably constitute the crime alleged in Count One, occurred in Virginia Beach, Virginia, and not in Guilford County or in the Middle District of North Carolina as alleged in the indictment. **Federal Rules of Criminal Procedure Rule 18** states, "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed . . . ." Additionally, the **U.S. Constitution, in Article III, Section 2, Clause 3, "requires that the trial of**

**any crime be held in the state in which the crime was committed,"** and the **Sixth Amendment "guarantees trial by a jury of the state and district in which the crime was committed."** Id. (internal quotation marks omitted) (quoting United States v. Medina-Ramos, 834 F.2d 874, 875-76 (10th Cir. 1987)).

"When multiple counts are alleged in an indictment, venue must be proper each count." United States v. Robinson, 275 F.3d 371, 377 (4th Cir. 2001). See also United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000), cert. denied, 532 U.S. 944 (2001). Venue on a count is proper in a district in which an essential conduct element of the offense took place. See id. at 309.

The burden of proving that a crime occurred in the district where prosecuted is on the government. Robinson, 275 F.3d at 378. See also, United States v. Barsanti, 943 F.2d 428, 434 (4th Cir. 1991). In determining where a crime was committed for purposes of venue, "a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts. Rodriguez-Moreno, 526 U.S. at 279; see United States v. Anderson, 328 U.S. 699, 703 (1946).

Before trial, however, "it suffices for the government to allege with specificity that the charged acts support venue in th[e] district." United States v. Long, 697 F. Supp. 651, 655 (S.D.N.Y. 1988). The indictment in the present case clearly shows

3

that the acts relevant to Count One occurred in the Commonwealth of Virginia, and not Guilford County, North Carolina. Count Two of the indictment alleges that the Defendant transported the vehicle subject to the carjacking in Count One **from** the Commonwealth of Virginia to the State of North Carolina.

Venue "is not an element of a crime," United States v. Engle, 262 F.3d 305, 320 (4th Cir. 2001), United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987), "but instead "is similar in nature to a jurisdictional element." United States v. Johnson, 510 F.3d 521, 527 (4th Cir. 2007). Ordinarily, venue is decided by the jury, Engle at 412, 413, citing United States-Acosta-Gallardo, 656 F.3d 1109, 1118 (10th Cir.), cert. denied, 132 S. Ct 540 (2011), but a defendant must challenge venue before trial if the asserted venue defect is apparent on the face of the indictment, United States v. Collins, 372 F.3d 629, 633 (4th Cir. 2004).

4

For the reasons stated above, the Defendant respectfully prays this Court for an order dismissing Count One of the superseding indictment in this case.

Respectfully submitted, this 14th day of July, 2020.

                                      LOUIS C. ALLEN III
                                      Federal Public Defender

                                      /s/ Gregory Davis
                                      GREGORY DAVIS
                                      Senior Litigator
                                      North Carolina State Bar No. 7083
                                      251 N. Main Street, Suite 849
                                      Winston-Salem, NC 27101
                                      (336) 631-5278
                                      E-mail: greg_davis@fd.org

CERTIFICATE OF SERVICE

    I hereby certify that on July 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Mr. Clifton Barrett
        Assistant United States Attorney

        Ms. Veronica Edmisten
        Assistant United States Attorney

    Respectfully submitted,

        /s/ Gregory Davis
        GREGORY DAVIS
        Senior Litigator
        North Carolina State Bar No. 7083
        251 N. Main Street, Suite 849
        Winston-Salem, NC 27101
        (336) 631-5278
        E-mail: greg_davis@fd.org