IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | SUPERSEDING |
| --- | --- | --- |
| v. | : | 1:19CR54-1 |
| STEVE BRANTLEY SPENCE | : | |

## PROPOSED JURY INSTRUCTIONS

NOW COMES the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and proposes, in addition to its normal and customary instructions, that the Court instruct the jury on the charged counts consistent with the following. In addition, the United States respectfully asks leave to request additional instructions as necessitated by the evidence.

## OFFENSE INSTRUCTIONS

In this case, the Indictment charges four separate offenses, or "counts," as to Steve Brantley Spence. I will not read the Indictment to you at this time because you will be given a copy for study during your deliberations.

In summary, Count One alleges a violation of 18 U.S.C. § 2119(1), carjacking. Count Two alleges a violation of 18 U.S.C. § 2312, interstate transportation of a stolen motor vehicle. Count Three alleges a violation of 18

U.S.C. § 2261(a)(1), interstate domestic violence. Count Four alleges a violation of 18 U.S.C. § 924(c)(1)(a)(ii), carry and use of a firearm, by brandishing, during and in relation to a crime of violence. Each offense, and the evidence pertaining to it, should be considered separately. As to each of these offenses charged in Counts One, Two, Three, and Four, I will instruct you as to the specific facts, or elements, that the Government must prove beyond a reasonable doubt before the Defendant can be found guilty. Throughout these instructions, I may use the terms "facts" or "elements" interchangeably.

I will now explain the law governing each of these offenses.

## COUNT ONE

Title 21, United States Code, Section 2119(1), makes it a federal crime for anyone, with the intent to cause death or serious bodily harm, to take a motor vehicle from the person or presence of another, by force and violence or by intimidation.

Count One of the Indictment charges a violation of 18 U.S.C. § 2119(1). In order to prove the Defendant, Steve Brantley Spence, guilty of the offense charged in Count One of the Indictment, the Government must prove beyond a reasonable doubt each of the following elements:[1]

---

[1] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, pp. 551-53 (2019 Online Edition).

ONE: That the Defendant took a motor vehicle. "To take" means to get into one's hands or into one's possession, power, or control by force or stratagem. The Government is not required to prove the Defendant's motive, because motive is not relevant. And the Government is not required to prove that the Defendant intended to deprive the victim of the vehicle permanently. "Taking" under this statute means for some period of time. "Taking" is when the Defendant takes control of the victim's vehicle, even if the Defendant does not force the victim to relinquish it.[2]

TWO: That the taking was from the person or presence of another. To prove that the vehicle was taken "from the presence of another," the Government must show both a degree of physical proximity to the vehicle and an ability to control or immediately obtain access to the vehicle. The presence requirement can be satisfied when the victim is inside a building and the car is parked outside.[3]

THREE: That the motor vehicle had been transported, shipped, or received in interstate or foreign commerce. "Interstate commerce"

---

[2] *United States v. Moore*, 73 F.3d 666, 668-69 (4th Cir. 1996).

[3] *United States v. Davis*, 233 F. App'x 292 (4th Cir. 2007) (collecting cases in accord from the First, Third, Tenth, and Eleventh Circuits).

includes commerce between one State, Territory, Possession, or the District of Columbia, and another State, Territory, Possession, or the District of Columbia.[4] The term "foreign commerce" includes commerce with a foreign country.[5] The motor vehicle need not be moving in interstate commerce at the time of the taking. The Government need only prove a minimal connection with interstate commerce, such as the vehicle traveled through another state when it was shipped from the manufacturer to the dealer.[6]

FOUR: That the Defendant did so by force and violence or by intimidation.

FIVE: That the Defendant unconditionally intended to kill or seriously injure, or that the Defendant possessed a conditional intent to kill or seriously injure should such violence become necessary. The Government must prove beyond a reasonable doubt that the Defendant possessed the intent to seriously harm or kill the driver [or other person who was with the vehicle] if that action had been necessary to complete the taking of the vehicle. However, the Government need not prove that the Defendant

---

[4] 18 U.S.C. § 10.

[5] *Id*.

[6] *United States v. Johnson*, 22 F.3d 106, 108-09 (6th Cir. 1994).

actually intended to cause the harm; it is sufficient that the Defendant was conditionally prepared to act if the person failed to relinquish the vehicle.[7] An empty threat or intimidating bluff, standing on its own, is not enough to satisfy this element.[8]

Before the Defendant may be convicted of the offense charged in Count One of the Indictment, you must unanimously agree that the Government has proved beyond a reasonable doubt, each of these facts as to the Defendant. If the Government fails to prove, beyond a reasonable doubt, each of these facts as to the Defendant, then you must find the Defendant not guilty.

## COUNT TWO

Title 18, United States Code, Section 2312 makes it a federal offense for a person to transport in interstate commerce a stolen motor vehicle.

Count Two of the Indictment charges the Defendant with violating Title 18, United States Code, Section 2312. Before the Defendant can be found guilty of this charge, the Government must prove the following beyond a reasonable doubt:[9]

---

[7] *United States v. Foster*, 507 F.3d 233, 233 (4th Cir. 2007).

[8] *United States v. Bailey*, 819 F.3d 92, 95 (4th Cir. 2016).

[9] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, pp. 609-614 (2019 Online Edition).

5

ONE: That the Defendant transported a motor vehicle from one state to another. "Motor vehicle" includes an automobile, truck, motorcycle, or any other self-propelled vehicle designed for running on land but not on rails.[10]

TWO: That the motor vehicle was a stolen vehicle. "Stolen" includes all wrongful and dishonest takings of property with the intent to deprive the owner, temporarily or permanently, of the rights and benefits of ownership.[11]

THREE: That the Defendant knew the motor vehicle was stolen.

Before the Defendant may be convicted of the offense charged in Count Two of the Indictment, you must unanimously agree that the Government has proved, beyond a reasonable doubt, each of these elements as to the Defendant. If the Government fails to prove, beyond a reasonable doubt, each of these elements as to the Defendant, then you must find the Defendant not guilty.

## COUNT THREE

Title 18, United States Code, Section 2261(a)(1) makes it a federal offense for a person to travel in interstate commerce with the intent to kill,

---

[10] 18 U.S.C. § 2311.

[11] *United States v. Turley*, 352 U.S. 407, 411 (1957) (defining "stolen" as "all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny.").

6

injure, harass, or intimidate a spouse, intimate partner, or dating partner, and in the course or as a result of such travel or presence, to attempt to commit or commit a crime of violence against such person, and during such offense to use dangerous weapons.

Count Three of the Indictment charges the Defendant with violating Title 18, United States Code, Section 2261(a)(1) and (b)(3). Before the Defendant can be found guilty of this charge, the Government must prove the following beyond a reasonable doubt:[12]

> ONE: That the Defendant traveled in interstate or foreign commerce, as I have previously defined those terms.
>
> TWO: That the Defendant did so with the intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner. The term "spouse or intimate partner" is defined as a spouse or former spouse of the abuser, a person who shares a child in common with the abuser, or a person who cohabitates or has cohabitated as a spouse with the abuser.[13] You should give the terms "spouse" and "cohabitated as a spouse" their

---

[12] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, pp. 598-602 (2019 Online Edition).

[13] 18 U.S.C. § 2266(7)(A)(i)(I).

7

normal and ordinary meanings based upon your collective experience.[14] The term "spouse or intimate partner" is further defined as a person who is or has been in a social relationship of a romantic or intimate nature with the abuser. The existence of such a relationship is based on a consideration of the length of the relationship and the type of relationship and the frequency of interaction between the persons involved in the relationship.[15] The term "dating partner" refers to a person who is or has been in a social relationship of a romantic or intimate nature with the abuser. The existence of such a relationship is based on a consideration of the length of the relationship and the type of relationship and the frequency of interaction between the persons involved in the relationship.[16]

THREE: That in the course of or as a result of such travel, the Defendant committed or attempted to commit a crime of violence against such

---

[14] *In United States v. Ladouceur*, 578 F. App'x 430, 433-34 (5th Cir. 2014), in overruling a challenge to sufficiency of the evidence, the Court noted that "cohabitation" is undefined under federal law, but that "[t]he jury was entitled to determine 'cohabitation' from its experience in light of the evidence presented because 'cohabitation' is not an arcane legal term incomprehensible to the general public. The many dimensions of the word in various contexts suggest it is a term better left to the expertise of the jury than cabined by an arbitrary standard."

[15] 18 U.S.C. § 2266(7)(A)(i)(II).

[16] 18 U.S.C. § 2266(10).

8

spouse, intimate partner, or dating partner. "Crime of violence" means an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the act.[17] Attempted murder is a crime of violence. The unlawful killing of a human being with malice aforethought is murder. In order to convict a defendant of an attempt, the Government must prove, beyond a reasonable doubt, that (1) he had culpable intent to commit the crime and (2) he took a substantial step towards completion of the crime that strongly corroborates that intent.[18] The government may meet its burden of proof by using direct or circumstantial evidence.[19] A substantial step is more than mere preparation, but less than completion of the crime.[20]

---

[17] 18 U.S.C. § 16.

[18] *United States v. Neal,* 78 F.3d 901, 906 (4th Cir.1996).

[19] *United States v. Figueroa,* 976 F.2d 1446, 1459 (1st Cir.1992).

[20] *United States v. Engle,* 676 F.3d 405, 423 (4th Cir. 2012).

9

FOUR: That during such offense the Defendant did use dangerous weapons. A "dangerous weapon" means an instrument capable of inflicting death or serious bodily injury."[21]

Before the Defendant may be convicted of the offense charged in Count Three of the Indictment, you must unanimously agree that the Government has proved, beyond a reasonable doubt, each of these elements as to the Defendant. If the Government fails to prove, beyond a reasonable doubt, each of these elements as to the Defendant, then you must find the Defendant not guilty.

## COUNT FOUR

Title 18, United States Code, Section 924(c)(1)(a)(ii) makes it a federal offense for a person to carry and use, by brandishing, a firearm during and in relation to a crime of violence which may be prosecuted in a court of the United States.

Count Four of the Indictment charges the Defendant with violating Title 18, United States Code, Section 924(c)(1)(A)(ii). Before the Defendant can be

---

[21] U.S.S.G. § 1B1.1, comment. (n.1E). Title 18 does not provide a general definition of "dangerous weapon." *United States v. Sturgis*, 48 F.3d 784, 787 (4th Cir. 1995).

found guilty of this charge, the Government must prove the following beyond a reasonable doubt:[22]

> ONE: That the Defendant committed a crime of violence for which he may be prosecuted in a court of the United States, that is, interstate domestic violence, as charged in Count Three of the Indictment. Interstate domestic violence is a crime of violence.[23]
>
> TWO: That the Defendant knowingly carried or used firearms, that is, an Armscor of the Philippines .38 caliber handgun and a Jimenez Arms 9mm handgun, during and in relation to such crime of violence. The term "carry" requires knowing possession and movement, conveying, transporting, or bearing the firearm in some manner. However, the firearm does not have to be readily accessible.[24] The term "use" requires "active employment" of the firearm. The "active employment" understanding of "use" includes brandishing, displaying, bartering,

---

[22] Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, pp. 254-263 (2019 Online Edition).

[23] *See United States v. Owens*, 917 F.3d 26 (1st Cir. 2019) (upholding 924(c) conviction based upon 18 U.S.C. § 2261(a)(1) as predicate); *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011) (same); *United States v. Burr*, 294 F. App'x 800 (4th Cir. 2008) (same).

[24] *United States v. Mitchell*, 104 F.3d 649, 653 (4th Cir. 1997).

11

striking with, and most obviously, firing or attempting to fire, a firearm.[25]

THREE: That a firearm was brandished. "Brandish" means, with respect to the firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.[26]

Before the Defendant may be convicted of the offense charged in Count Four of the Indictment, you must unanimously agree that the Government has proved, beyond a reasonable doubt, each of these elements as to the Defendant. If the Government fails to prove, beyond a reasonable doubt, each of these elements as to the Defendant, then you must find the Defendant not guilty.

## INSANITY

It is an affirmative defense to a prosecution under any Federal statute that, at the time of the acts constituting the offense, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not

---

[25] *Bailey v. United States*, 516 U.S. 137, 148 (1995).

[26] 18 U.S.C. § 924(c)(4).

otherwise constitute a defense.[27]  The Defendant has the burden of proving the defense of insanity by clear and convincing evidence.[28]

This the 15th day of July, 2020.

                              Respectfully submitted,

                              MATTHEW G.T. MARTIN
                              United States Attorney

                              /S/ VERONICA L. EDMISTEN
                              Assistant United States Attorney
                              NCSB #31500
                              United States Attorney's Office
                              Middle District of North Carolina
                              101 S. Edgeworth St., Fourth Floor
                              Greensboro, NC 27401
                              Phone: 336/333-5351

                              /S/ CLIFTON T. BARRETT
                              Assistant United States Attorney
                              NCSB #12858
                              United States Attorney's Office
                              Middle District of North Carolina
                              101 S. Edgeworth St., Fourth Floor
                              Greensboro, NC  27401
                              Phone:  336/333-5351

---

[27] 18 U.S.C. § 17(a).

[28] 18 U.S.C. § 17(b).

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | SUPERSEDING |
| --- | --- | --- |
| v. | : | 1:19CR54-1 |
| STEVE BRANTLEY SPENCE | : | |

CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system to notify:

Greg Davis, Assistant Federal Public Defender.

Respectfully submitted,

MATTHEW G.T. MARTIN
United States Attorney


/S/ CLIFTON T. BARRETT
Assistant United States Attorney
NCSB #12858
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., Fourth Floor
Greensboro, NC  27401
Phone:  336/333-5351

14