IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | No. 1:19CR54-1 |
| | : | |
| STEVE BRANTLEY SPENCE | : | |

MOTION FOR A BILL OF PARTICULARS

    The Defendant, STEVE BRANTLEY SPENCE, by and through his undersigned legal counsel, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the United States Constitution, does hereby move this honorable Court for an order requiring the United States to file a Bill of Particulars regarding matters alleged in Count One of the Superseding Indictment filed by the Government on January 31, 2020, setting forth the following information:

    Identify all acts committed by the Defendant on which the government relies to support its claim that the Defendant committed the crime alleged in Count One of the superseding indictment in Guilford County, North Carolina and the Middle District of North Carolina.

1

**DISCUSSION**

Under Federal Rules of Criminal Procedure, Rule 7(f), a **bill of particulars** may be ordered in certain circumstances. The purpose of a **bill** of **particulars** is threefold: (1) To inform a defendant of the charges against him with sufficient specificity to enable him to prepare for trial; (2) to avoid or minimize the danger of unfair surprise at trial; and (3) to enable a defendant to plead acquittal or conviction in bar of another prosecution for the same offense. *See* United States v. Fletcher*,* 74 F.3d 49, 53 (4th Cir. 1996); United States v. Butler*,* 885 F.2d 195, 199 (4th Cir. 1989); *see also* 24 Moore's Federal Practice*,* § 607.07[1] (Matthew Bender 3d ed.).

The Government has provided discovery that describes the alleged acts of the Defendant related to the offenses charged in the superseding indictment. After a thorough review of the discovery, counsel finds **no** evidence to support the allegation that the Defendant committed the offense of carjacking, as alleged, in Guilford County or anywhere else in the Middle District of North Carolina. In the absence of discovery providing information to substantiate the allegation in Count One, counsel contends that the **Defendant is entitled to require the Government to provide the**

2

**evidence it is relying on to establish venue in the Middle District of North Carolina.**

Venue "is not an element of a crime," United States v. Engle, 262 F.3d 305, 320 (4th Cir. 2001), United States v. Griley, 814 F.2d 967, 973 (4th Cir. 1987), "but instead "is similar in nature to a jurisdictional element." United States v. Johnson, 510 F.3d 521, 527 (4th Cir. 2007). Ordinarily, venue is decided by the jury, Engle at 412, 413, (citing United States-Acosta-Gallardo, 656 F.3d 1109, 1118 (10th Cir.), cert. denied, 132 S. Ct 540 (2011)), but a defendant must challenge venue before trial if the asserted venue defect is apparent on the face of the indictment, United States v. Collins, 372 F.3d 629, 633 (4th Cir. 2004).

The Defendant has challenged the venue for trial of Count One in the Middle District of North Carolina in his Motion to Dismiss Count One filed on July 14, 2020. When the indictment, on its face, supports the conclusion that the acts that might support Count One of the indictment occurred in the Commonwealth of Virginia and not the Middle District of North Carolina, and when the discovery provided by the Government discloses no evidence to support that venue in the Middle district of North Carolina is proper, the Defendant cannot adequately prepare for trial and would

be surprised by evidence tending to establish venue in the Middle District of North Carolina.

Pursuant to the Due Process Clause of the Fifth Amendment, and the Compulsory Process and Confrontation Clauses of the Sixth Amendment, the Defendant seeks, at a minimum, a written, informative outline of the information that is alleged to support the government's claim that venue for Count One is proper in the Middle District of North Carolina.

WHEREFORE, the Defendant specifically requests that this Court order the government to provide the information requested above.

Respectfully submitted this the 16th day of July, 2020.

/s/ Gregory Davis
GREGORY DAVIS
Senior Litigator
North Carolina State Bar No. 7083
251 N. Main Street, Suite 849
Winston-Salem, NC 27101
(336) 631-5278
E-mail: greg_davis@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>    Mr. Clifton T. Barrett
>    Assistant United States Attorney, and
>
>    Ms. Veronica Edmisten
>    Assistant United States Attorney

Respectfully submitted,

>    /s/ Gregory Davis
>    GREGORY DAVIS
>    Senior Litigator
>    North Carolina State Bar No. 7083
>    251 N. Main Street, Suite 849
>    Winston-Salem, NC 27101
>    (336) 631-5278
>    E-mail: greg_davis@fd.org