IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 1:19CR054-1 |
| | : | |
| STEVE BRANTLEY SPENCE | : | |

## REQUESTED JURY VOIR DIRE QUESTIONS

The above-named defendant, by and through legal counsel, submits the following questions to be posed to potential jurors during voir dire:

1. Is there any member of the panel who has heard anything about these cases through the radio, television, newspaper, or family members or friends?

2. Do each of you understand that if you are selected to serve on this jury, it will be your duty to base your verdict solely upon the evidence presented here in the courtroom and not on the basis of what you may have heard from any other sources?

3. Each defendant who pleads not guilty under our system of justice is presumed to be innocent until his guilt has been proven beyond a reasonable doubt. Is there any member of the panel who feels they could not give the defendant the presumption of innocence at this point in the trial?

4. Do each of you understand that the mere fact that the defendant has been charged in a bill of indictment is no evidence of his guilt?

5. Is there any member of the panel who feels otherwise, or cannot accept that principle of law?

6. Do each of you understand that the burden is on the United States to prove the guilt of the defendant beyond a reasonable doubt and not on the defendant to prove his innocence in this case?

7. It will be my duty as judge to instruct you on the law that applies to this case, at the appropriate time. You must apply the law as I give it to you, whether you agree with it or not. Can each of you accept my instructions on the law and apply it to the facts as you find them to be, regardless of your personal feelings?

8. During the trial you may hear testimony from psychologists or psychiatrist regarding their examinations and evaluations of the defendant. Is there any member of the panel who has particular feelings about psychologists or psychiatrists that would cause you to automatically disbelieve or fail to accept their testimony should one or the other testify? If so, please raise your hand.

9. Is there any member of the panel who has been treated by a psychologist or psychiatrist or had a family member or close personal friend treated by one? If so, please raise your hand.

10. Was there anything about the experience or your knowledge of someone else's experience which would cause you to give either greater weight or less weight to the testimony of a psychologist or psychiatrist? If so, please raise your hand.

11. Has any member of the panel ever worked or had a family member or close friend who worked in the field of mental health? If so, please raise your hand. Is there anything about your experience or your relationship which would cause you to give greater weight or less weight to the testimony of a mental health professional? If so, raise your hand.

12. There might be evidence in this trial that will relate to an allegation of domestic violence. Have you, or has anyone in your immediate family or a close friend, had any experience(s) with domestic violence? If so, please raise your hand.

13. Do you have such strong feelings about domestic violence that it would prohibit you from serving as a fair and impartial juror in this case?

3

14. Is there any member of the panel who has ever worked in law enforcement or who has had relatives or close family friends employed in law enforcement?

15. Is there any member of the panel who has ever been the victim of a crime or had a relative or close family friend who has been the victim of a crime?

16. Is there any member of the panel who would believe the testimony of a law enforcement officer, simply because of the position he or she occupies?

17. We are currently in the midst of a COVID-19 pandemic and extraordinary precautions are being taken to protect the health and welfare of all parties to court proceedings. In spite of such precautions, is there any member of the panel who feels you would be unable to focus your full attention to the evidence presented during the trial because of your concern for your health and welfare, and that of a member of your immediate family? If so, please raise your hand.

18. Since the burden to prove the defendant's guilt is on the United States, the defendant does not have to testify or offer any evidence if he chooses. Is there any member of the panel who would hold it against the defendant if he chose to exercise his right and not testify in this case?

19. If the defendant elected to testify, is there any member of the panel who feels they are likely to disbelieve his testimony simply because he is the defendant on trial, regardless of how otherwise believable his testimony might be? If so, please raise your hand.

20. Is there any member of the panel who feels that they could not vote to find the defendant "Not Guilty By Reason of Insanity", even if you are convinced that the defendant was legally insane at the time the crimes are alleged to have occurred? If so, please raise your hand.

21. Does any member of the panel, either individually or as a member of an organization, advocate tougher restrictions on a person's right to own or possess a firearm? If so, please raise your hand?

22. It is anticipated that it might take a week for the trial of this case to be completed. Is there any member of the panel who has such pressing matters that you would be unable to sit as a member of this jury and give your undivided attention to these proceedings and the evidence and law presented? If so, raise your hand.

23. Does any member of the jury or your immediate family have stickers on your vehicles? If so, please raise your hand and tell us what the stickers say.

24. Is the any reason, whether I have asked it or not, that any member of the panel feels they could not sit as a member of this jury and give both side a fair trial? If so, please raise your hand.

Respectfully submitted, this 17th day of July, 2020.

LOUIS C. ALLEN III
Federal Public Defender


/s/ Gregory Davis
GREGORY DAVIS
Assistant Federal Public Defender
North Carolina State Bar #7083
Post Office Box 400
Greensboro, NC 27402
(910) 333-5455

CERTIFICATE OF SERVICE

    I hereby certify that on July 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Mr. Clifton Barrett

        Assistant United States Attorney

        Ms. Veronica Edmisten

        Assistant United States Attorney

            LOUIS C. ALLEN III
            Federal Public Defender

            /s/ Gregory Davis
            Gregory Davis
            Assistant Federal Public Defender
            North Carolina State Bar #7083
            251 N. Main Street, Suite 849
            Winston-Salem, NC 27101
            (336) 631-5278
            Email: greg_davis@fd.org