IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 1:19CR054-1 |
| | : | |
| STEVE BRANTLEY SPENCE | : | |

DEFENDANT'S REQUESTED JURY INSTRUCTIONS

STEVE BRANTLEY SPENCE, the defendant in the above-captioned case, by and through his undersigned attorney, hereby respectfully requests the Court to instruct the jury on the following matters in addition to those instructions typically given by the Court in a criminal case. In addition, the defendant requests leave to offer such additional instructions as may become appropriate during the course of the trial.

CONTENTS (Proposed Instructions)

1. Insanity
2. Expert Witness
3. Knowingly

Respectfully submitted this the 20th day of July, 2020.

LOUIS ALLEN
Federal Public Defender

_____
/s/ GREGORY DAVIS
Gregory Davis
Assistant Federal Public Defender
North Carolina State Bar No. 7083
251 n. Main Street, Suite 849
Winston-Salem, NC 27101
336-631-5278
Email: greg_davis@fd.org

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

INSANITY

(1) One of the questions in this case is whether the defendant was legally insane when the crimes were committed. Unlike the other things that I have talked to you about, the defendant has the burden of proving this defense.

(2) A mental disease or defect by itself is not a defense. For you to return a verdict of not guilty because of insanity, the defendant must prove both of the following things by clear and convincing evidence:

    (A) First, that he had a severe mental disease or defect when he committed the crime(s).

    (B) And second, that as a result of this mental disease or defect, he was to appreciate the nature and quality or the wrongfulness of his acts.

(3) Insanity may be temporary or permanent. You may consider evidence of the defendant's mental condition before, during and after the crime(s) in deciding whether he was legally insane when the crime(s) were committed.

(4) In making your decision, you are not bound by what any of the witnesses testified. You should consider all the evidence, not just the opinions of the experts.

(5) If you find the defendant not guilty because of insanity, then it will be my duty to send him to a suitable institution. He

will only be released from custody if he proves by clear and convincing evidence that his release would not create a substantial risk that he might injure someone or seriously damage someone's property.

    (6) So, you have three possible verdicts - guilty; not guilty; or not guilty because of insanity. Keep in mind that even though the defendant has raised this defense, the government still has the burden of proving all the elements of the crimes charged beyond a reasonable doubt.

Source: Pattern Criminal Jury Instructions 6th Circuit--6.04

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

EXPERT WITNESS

You have heard testimony from Dr. Hilkey. An expert is allowed to express his opinion on those matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Second Circuit: United States v. Simon, 425 F.2d 796 (2d Cir. 1969).
Fifth Circuit: United States v. Fogg, 652 F.2d 551 (5th Cir. 1981).
Ninth Circuit: United States v. Clardy, 612 F.2d 1139 (9th Cir. 1980).
Eleventh Circuit: United States v. Herring, 955 F.2d 703 (11th Cir.), cert. denied, 113 S. Ct. 353 (1992).

4

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

KNOWINGLY

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Source: Modern Federal Jury Instructions, Sand, Siffert, Loughlin & Reiss, Section 3A.01 (1992).

CERTIFICATE OF SERVICE

    I hereby certify that on July 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Mr. Clifton Barrett
        Assistant United States Attorney

        Ms. Veronica Edmisten
        Assistant United States Attorney


        LOUIS C. ALLEN III
        Federal Public Defender


        /s/ Gregory Davis
        Gregory Davis
        Assistant Federal Public Defender
        North Carolina State Bar #7083
        251 N. Main Street, Suite 849
        Winston-Salem, NC 27101
        (336) 631-5278
        Email: greg_davis@fd.org