IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA :
:
v. : No. 1:19CR54-1
:
STEVE BRANTLEY SPENCE :

DEFENDANT'S TRIAL BRIEF

The defendant, STEVE BRANTLEY SPENCE was indicted in a superseding indictment on January 31, 2020 in Count One with carjacking in violation of 18 U.S.C. Section 2119(1); in Count Two with interstate transportation of a stolen vehicle, in violation of 18 U.S.C. 2312; in Count Three with travelling in interstate commerce (from Virginia Beach, Virginia to Greensboro, N.C. )with intent to commit a domestic violence act in violation of 18 U.S.C. Section 2261(a)(a) and (b)(3); and in Count Four with carrying and using a firearm, by brandishing, during and in relation to a crime of violence. All acts are alleged to have occurred on December 3, 2018.

**GOVERNMENT'S EVIDENCE:** Based upon the discovery provided by the government, its evidence will show that on December 3, 2018 in Virginia Beach, Virginia, the Defendant strangled his girlfriend, Denisha Hughes, stole her automobile and other items and drove to Greensboro, North Carolina where he went to Smith High School with the intent to kill his ex-girlfriend, Ariel King, and her husband, Mason King. The Defendant was confronted by school personnel and

informed them he was looking for the Kings.  He had in his possession a firearm and several rounds of ammunition.  A school resource officer responded and after a brief chase, the Defendant was apprehended.  Other officers of the Greensboro Police Department arrived to assist.  The Defendant was shot with a Taser in the process of being apprehended.

During his interaction with officers at the police department, the Defendant continuously referred to himself in the third person.  He identified himself as Jerimiah.

**DEFENDANT'S EVIDENCE:**  The Defendant will offer evidence that at the time of the acts referred to in the indictment, he suffered from a serious mental disease, due to that disease, did not appreciate the nature and quality or the wrongfulness of his actions.

**EVIDENTIARY ISSUES:**  The indictment alleges that the acts supporting the carjacking charge in Count One occurred in Guilford County, North Carolina which is in the Middle District of North Carolina.  The government's own evidence, provided in discovery, clearly shows that all acts constituting the carjacking alleged, occurred in Virginia Beach, Virginia and not Guilford County, North Carolina.  Defendant has filed a Motion to Dismiss Count One contesting the venue in this action.

The First, Sixth and Ninth Circuits have held that "the commission of a carjacking continues at least while the carjacker maintains control over the victim and the victim's car." Ramirez-Burgos v. United States, 313 F.3d 23,30 n.9(1st Cir.2002);   United

States v. Vasquez-Rivera, 135 F.3d 172, 178(1st Cir. 1998); United States v. Cline, 362 F.3d 343, 353 (6th Cir. 2994); United States v. Hicks, 103 F.3d 837,844 n.5(9th Cir. 1996)(reasoning that a carjacking continues until the victim is permanently separated from her car).  A panel of the Fourth Circuit cited the above cases in United States v. Moore, 402 Fed.Appx.778,(4th Cir. 2010)(unpublished), a copy of which is attached, the Fourth Circuit cited the above cases from the First, Sixth and Ninth Circuits in deciding the effects of threats made **during** the carjacking.  The facts of Moore clearing showed the carjacking was continuing since the victim and car were still connected.  In the present case, the victim was left in Virginia and the vehicle transported to North Carolina.  At that point the carjacking was clearly over prior to the vehicle entering the State of North Carolina and the Middle District.

Defendant is requesting a ruling on his Motion to Dismiss Count One of the indictment pre-trial unless the Government can offer evidence to the court of any acts committed by the Defendant which could arguably establish proof of an element of the carjacking statute occurring in the Middle District of North Carolina.

**Insanity Defense:**

The defendant has given notice of his intent to rely on the defense of insanity.  Title 18, United States Code, Section 17 states:
   (a) **Affirmative Defense**
      It is an affirmative defense to a prosecution

under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

(b) **Burden of Proof**
The defendant has the burden of proving the defense of insanity **by clear and convincing** evidence.

In an effort to meet its burden, the defense intends to offer as witnesses lay persons, as well as experts, who have observed and/or examined the defendant.

Respectfully submitted, this 20th day of July, 2020.

LOUIS
Federal Public Defender


/s/ GREGORY DAVIS
Gregory Davis
Assistant Federal Public Defender
North Carolina State Bar #7083
Post Office Box 400
Greensboro, NC 27402
(910) 333-5455

CERTIFICATE OF SERVICE

    I hereby certify that on July 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Mr. Clifton Barrett
        Assistant United States Attorney

        Ms. Veronica Edmisten
        Assistant United States Attorney

            LOUIS C. ALLEN III
            Federal Public Defender

            /s/ Gregory Davis
            Gregory Davis
            Assistant Federal Public Defender
            North Carolina State Bar #7083
            251 N. Main Street, Suite 849
            Winston-Salem, NC 27101
            (336) 631-5278
            Email: greg_davis@fd.org