IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | SUPERSEDING |
| --- | --- | --- |
| v. | : | 1:19CR54-1 |
| STEVE BRANTLEY SPENCE | : | |

## GOVERNMENT'S REPONSE IN OPPOSITION TO SPENCE'S MOTIONS TO DISMISS COUNT ONE AND FOR A BILL OF PARTICULARS

NOW COMES the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and responds to the defendant, Steve Brantley Spence's "Motion to Dismiss Count One" (Dkt. #29) and "Motion for Bill of Particulars" (Dkt. #32)[1] As set forth in further detail below, both motions are meritless and should be denied.

I. Because Both the Indictment and This Office's Open File Discovery Have Advised Spence of the Nature of the Charges Against Him, No Bill of Particulars is Required.

Based on the posture of the instant case, no bill of particulars should be ordered. The trial court has the discretion to grant or deny a motion for a bill of particulars. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). *See also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (denial of a bill

---

[1] The government does not intend to respond to Defendant's "Motion to Continue" (Dkt. #28), in that the case has been continued to October 19, 2020.

of particulars is reviewed for an abuse of discretion). The purpose of a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure is "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934–935 (4th Cir. 1973) (citing *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969)). It "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) (citing *Anderson*, 481 F.2d at 690). Instead, a bill of particulars "merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996).

Thus, if "the indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required." *United States v. Esquivel*, 755 F. Supp. 434, 436 (D.D.C. 1990) (citing *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987)). *See also United States v. Ziccardi*, 2014 WL 5459939, at *1 (E.D. Va. Oct. 27, 2014) (noting that a bill of particulars is intended to remedy factually deficient indictments that

2

"are so general they do not advise the defendant of the specific acts of which he is accused") (internal quotation marks omitted).

In the present case, the government has provided "open file" discovery to Spence and shared its entire investigative file. Courts have found a bill of particulars unnecessary where the Government opens its files to the defendant in this fashion. *See, e.g.*, *Schembari*, 484 F.2d at 935 (upholding the trial judge's denial of a bill of particulars because "the underlying objectives of a Rule 7(f) motion were fully satisfied by the government's voluntary disclosure of its file"); *United States v. Duncan*, 598 F.2d 839, 849 (4th Cir. 1979) (finding that the "appraisal function of an indictment" may be satisfied if the government opens its investigative file for the Defendant's inspection). To that end, "a court must not direct the government to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars." *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004). Here, the superseding indictment has properly advised Spence of the charges against him and the government has provided the full investigative file. A bill of particulars is not warranted.

II. Whether Venue for the Carjacking Count Lies in This District is a Question of Fact for the Jury

Article III of the Constitution provides that the "Trials of all Crimes ... shall be held in the State where the said Crimes have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment reinforces this command, stating that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Venue must be proper in all counts of an indictment, and is proper only in a district in which an essential conduct element of the offense took place. *United States v. Bowens*, 224 F.3d 302, 308-09 (4th Cir. 2000). The government bears the burden of proving venue by a preponderance of the evidence. *United States v. Barsanti*, 943 F.2d 428, 434 (4th Cir. 1991).

Spence moves to dismiss Count One of the indictment for lack of venue, but this motion is not ripe for pretrial adjudication. The parties at this point of the proceedings do not know what the evidence will ultimately be. Only upon the completion of the government's evidence will this Court be in a position to rule on venue. Indeed, the Court is limited in ruling on a pretrial motion to dismiss for improper venue to the face of the indictment itself – evidence beyond the face of the indictment should not be considered. *United States v.*

4

*Engle*, 676 F.3d 405, 415 n.5 (4th Cir. 2012). Here, the superseding indictment is sufficient on its face to properly charge venue for the carjacking count.

Sister circuit courts have considered venue in the carjacking context and concluded that the commission of carjacking continues at least while the carjacker maintains control over the victim and the car. *See United States v. Cline*, 362 F.3d 343, 353 (6th Cir. 2004); *Ramirez-Burgos v. United* States, 313 F.3d 23, 30 n.9 (1st Cir. 2002); *United States v. Vazquez-Rivera,* 135 F.3d 172, 178 (1st Cir. 1998); *United States v. Hicks*, 103 F.3d 837, 844 n.5 (9th Cir. 1996). The Ninth Circuit specifically found that carjacking continues until the victim is "permanently separated from her car." *See Hicks*, 103 F.3d at 844 n.5. While the Fourth Circuit has only considered the matter in dicta, it has cited to *Cline, Ramirez-Burgos, Vazquez-Rivera,* and *Hicks* with favor. *See United States v. Moore*, 402 F. App'x 778, 781 n.\* (4th Cir. 2010) (unpublished).

Because the escape phase of carjacking is part of the offense, and until the defendant reaches a point of temporary safety, or until the occurrence of some other intervening event, he is still committing the offense, venue properly lies in the Middle District of North Carolina. At least one district court has gone so far as to say that carjacking continues as long as the defendant is "still in flight." *United States v. Villalobos-Macias*, 280 F. Supp. 3d 1211, 1218 (D.N.M. 2017) (denying motion to dismiss carjacking count for lack of venue;

analogizing carjacking to robbery and bank robbery, both of which consider the escape as part of the crime). There, the district court left the factual question as to whether the flight ended before the defendant reached New Mexico to the jury. *Id*.

The government in *Villalobos-Macias* argued that "the duration of carjacking extended beyond the initial taking," analogizing carjacking to robbery, and continued through the perpetrator's escape, ending only when he reached a place of "temporary safety," which was a factual determination appropriately assigned to the jury. *Villalobos-Macias*, 280 F. Supp. 3d at 1216-17. In considering this issue, the district court identified several different formulations for the "temporal limits" of carjacking, noting that "[d]etermining the duration of a carjacking has proved a thorny task for the federal courts." *Cline*, 362 F.3d at 352 (collecting cases). The appellate opinions fell into three distinct categories in this regard: some focused on how long the perpetrator maintained control over the owner/possessor of the car and the car itself; others focused on the moment at which the owner/possessor was separated from the car; and still others found carjacking, a species of robbery, to be a continuing crime that extended through the perpetrator's escape from pursuit. *Id*. at 1217-18.

6

In finding that the carjacking continued so long as the defendant was in flight, the district court in *Villalobos-Macias* likened carjacking to robbery, where escape is part of the robbery itself, not a separate and distinct event occurring after the robbery. *Id.* at 1218 (citing to *United States v. Van Roeder*, 435 F.2d 1004, 1010 (10th Cir. 1970) and *United States v. Garcia-Caraveo*, 586 F.3d 1230, 1236 (10th Cir. 2009)). The district court also found that the carjacking statute was based on the robbery statute. *Id.* (citing to *United States v. Williams*, 344 F.3d 365, 372 (3d Cir. 2003) and *United States v. Figueroa-Cartagena*, 612 F.3d 69, 80 (1st Cir. 2010)); *accord United States v. McCaskill*, 676 F.2d 995, 1000 (4th Cir. 1982) ("[t]he escape phase of a crime is not ... an event occurring after the robbery. It is part of the robbery."). Therefore, the determination of whether and when such flight ended, either because the defendant reached a point of temporary safety or through some other intervening event, was a question of fact for the jury. *Villalobos-Macias*, 280 F. Supp. 3d at 1218.

The government urges this Court to follow the court's holding in *Villalobos-Macias*, and the authority cited therein, finding that escape from carjacking is part of the carjacking offense itself, subject to a jury determination of whether or not such escape ended prior to Spence's entry into the Middle District of North Carolina.

7

III.  Conclusion

For all of the reasons set forth above, the Court should deny both of Spence's motions.

This the 6th day of August, 2020.

        Respectfully submitted,

        MATTHEW G.T. MARTIN
        United States Attorney


        /S/ CLIFTON T. BARRETT
        Assistant United States Attorney
        NCSB #12858
        United States Attorney's Office
        Middle District of North Carolina
        101 S. Edgeworth St., Fourth Floor
        Greensboro, NC   27401
        Phone: 336/333-5351

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | SUPERSEDING |
|---|---|---|
| v. | : | 1:19CR54-1 |
| STEVE BRANTLEY SPENCE | : | |

CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system to notify:

Greg Davis, Assistant Federal Public Defender.

    Respectfully submitted,

    MATTHEW G.T. MARTIN
    United States Attorney


    /S/ CLIFTON T. BARRETT
    Assistant United States Attorney
    NCSB #12858
    United States Attorney's Office
    Middle District of North Carolina
    101 S. Edgeworth St., Fourth Floor
    Greensboro, NC 27401
    Phone: 336/333-5351